1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT

9   NORTHERN DISTRICT OF CALIFORNIA

10   San Francisco Division

11   RIVINGTON PARTNERS, LLC,                    Case No. 21-cv-06151-LB

12        Plaintiff,                             **ORDER REQUIRING JOINT STATUS
                                                 REPORT**
13        v.
                                                 Re: ECF No. 41
14   LOUIS B. ROVENS,

15        Defendant.

16

17                              **INTRODUCTION**

18        The plaintiff claims that the defendant Louis Rovens defrauded it, in violation of California law.[1]

19   Mr. Rovens recently died, and his guardian ad litem thus filed a suggestion of death pursuant to

20   Federal Rule of Civil Procedure 25(a)(1), attached Mr. Rovens's death certificate, and said that "[a]t

21   this time there is no personal representative or successor in interest."[2] The court issues this order to

22   identify the issues and to ask the parties to submit a status statement with their next steps as part of

23   their joint case-management statement due June 16, 2022, for the June 23, 2022, case-management

24   conference.

25

26

27   [1] Am. Compl. – ECF No. 26 at 2 (¶¶ 1–5). Citations refer to material in the Electronic Case File
     (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

28   [2] Suggestion of Death – ECF No. 41; Death Certificate, Ex. A to *id.* – ECF No. 41 at 5.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Rule 25(a) "describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (cleaned up); *see also First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989) ("Rule 25(a) dictates the method of substitution of parties in federal court and is purely procedural."). A "proper party" under Rule 25(a)(1) is the legal representative of the decedent, *e.g.*, the executor of the decedent's Will or the administrator of his Estate. *See Mallonee v. Fahey*, 200 F.2d 918, 919–20 (9th Cir. 1952).

Although Rule 25(a)(1) provides a 90-day period to file a motion for substitution, there are two requirements to trigger the commencement of that period. "First, a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Second, the suggestion of death must be served on the parties to the action pursuant to Federal Rule of Civil Procedure 5(b), and "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id.*

## ANALYSIS

Other than its claim for punitive damages, *see* Cal. Code Civ. Proc § 377.42, the plaintiff's claims survive the death of Mr. Rovens. But a motion to substitute a "proper party" for Mr. Rovens will need to be filed within 90 days of the commencement of Rule 25(a)(1)'s time limit. While the defendant's guardian ad litem formally suggested death and served it on the parties under Rule 5(b), the record does not reflect service on non-party successors or representatives of the deceased party under Rule 4(c).

The court thus asks the parties to address their next steps in their upcoming case-management statement, including whether the discovery and other deadlines in the case must be stayed.[3]

**IT IS SO ORDERED.**

Dated: June 16, 2022

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[3] *See* ECF Nos. 31 and 39.