UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RIVINGTON PARTNERS, LLC, | Case No. 21-cv-06151-LB |
| Plaintiff, | **ORDER REGARDING DEATH OF THE DEFENDANT** |
| v. | Re: ECF No. 46 |
| LOUIS B. ROVENS, | |
| Defendant. | |

### INTRODUCTION

The plaintiff claims that the defendant Louis Rovens defrauded it, in violation of California law.[1] Mr. Rovens recently died, and Jeffrey White (Mr. Rovens's guardian ad litem and the successor co-trustee of Mr. Rovens's living trust) thus filed a suggestion of death pursuant to Federal Rule of Civil Procedure 25(a)(1), attaching Mr. Rovens's death certificate.[2] The court previously asked the parties to identify their next steps in light of Mr. Rovens's death.[3] The court also held a case-management conference on June 23, 2022.

---

[1] Am. Compl. – ECF No. 26 at 2 (¶¶ 1–5). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Suggestion of Death – ECF No. 41; Death Certificate, Ex. A to *id.* – ECF No. 41 at 5.

[3] Orders – ECF Nos. 42, 45.

ORDER – No. 21-cv-06151-LB

The parties dispute the proper next steps. Mr. Rovens's former counsel assert that (1) they now lack agency to act in this case, (2) they are not aware of any representative or successor for Mr. Rovens, and (3) the plaintiff must have a representative appointed by a probate court of competent jurisdiction before moving to substitute.[4] The plaintiff responds that it is faced with a "vacuum of information" and therefore Mr. Rovens's former counsel must identify a proper party to substitute for Mr. Rovens.[5]

The court issues this order to set forth the relevant law (including on whether Mr. White can be substituted into this case for Mr. Rovens) and the next steps that may be taken. As to next steps, the plaintiff will be allowed specified discovery to give it sufficient information to decide whether to move to substitute a new party for Mr. Rovens.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a) "describes the manner in which parties are to be substituted in federal court" when a party dies and the action survives the death. *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (cleaned up). The rule provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). A "statement noting the death" can also be served, and "[i]f the motion [to substitute] is not made within 90 days after [such] service," the action "must be dismissed." *Id.* After substitution, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Although Rule 25 is mainly procedural, *see First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989), two aspects of it are substantive. The first is the question of whether the action survives a party's death. *Robertson*, 436 U.S. at 587 n.3. The second is who qualifies as "the decedent's successor or representative" and therefore the "proper party" to be substituted. *Brown*

---

[4] Joint Case Mgmt. Statement – ECF No. 46 at 1–2.

[5] *Id.* at 2; Case Mgmt. Statement – ECF No. 44 at 2.

*v. Stroud*, No. C 08-02348 JSW, 2013 WL 12172624, at *2 (N.D. Cal. May 8, 2013); 6 Moore's Federal Practice — Civil § 25.12[3] (2022).

## ANALYSIS

The court addresses each issue presented by Mr. Rovens's death.

**1. Whether the Plaintiff's Claims Survive Mr. Rovens's Death**

Under California law, "[a] pending action . . . does not abate by the death of a party if the cause of action survives," Cal. Civ. Proc. Code § 377.21, and "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death," *id.* § 377.20. Where the decedent was the defendant, "all damages are recoverable that might have been recovered against the decedent . . . except damages recoverable under Section 3294 of the Civil Code or other punitive or exemplary damages." *Id.* § 377.42.

As noted in the court's prior order, the plaintiff's claims survive the death of Mr. Rovens, but the plaintiff may no longer recover punitive damages.

**2. Timing and Method of Service of a Suggestion of Death and Motion for Substitution**

If "a statement noting the death" of a party is filed and properly served, a motion for substitution must be filed within 90 days of that service or the action "must be dismissed." Fed. R. Civ. P. 25(a)(1). That said, "[a] motion to substitute may be made . . . without awaiting the suggestion of death." Fed. R. Civ. P. 25 advisory committee's notes (1963 amendment). The main purpose of a suggestion of death is for "a party or the representative of the deceased party . . . to limit the time within which another may make the motion." *Id.*

To be properly served, the statement noting the death must be served on the parties pursuant to Rule 5(b) and on "non-party successors or representatives of the deceased party . . . in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "A motion to substitute, together with a notice of hearing," must be served in the same

1  manner as a suggestion of death, and "[s]ervice may be made in any judicial district." Fed. R. Civ.
2  P. 25(a)(3).
3       As discussed in the court's prior order, the suggestion of death filed by Mr. Rovens's former
4  counsel will not trigger the 90-day time limit of Rule 25 until Mr. Rovens's representative or
5  successor is served under Rule 4(c). And even in the absence of an effective suggestion of death, a
6  motion for substitution may be filed at any time. *See, e.g.*, *Willis v. Barnhart*, No. C 02-3670 JSW,
7  2005 WL 1082757, at *4 (N.D. Cal. May 9, 2005).

### 3. Whether Mr. White is a Proper Party for Substitution

An issue is whether Mr. White is a proper party for substitution. Mr. White is a successor co-trustee of Mr. Rovens's living trust.[6] The court takes no final position at this time and instead awaits any briefing on the issue. But the court sets out relevant law below to move the case along, because the parties are "at an impasse" that could otherwise cause the case to go dormant.[7] *See* Fed. R. Civ. P. 1.

#### 3.1   California Law Generally

Under California law, when a defendant in a pending case dies, the case may be "continued against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.41.

A "personal representative" is an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Cal. Prob. Code §] 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a). In other words, "[t]he 'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate." *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331, 1340 (2008).

---

[6] Mot. to Appoint Guardian ad Litem – ECF No. 35 at 2.
[7] Joint Case Mgmt. Statement – ECF No. 46 at 3.

A "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. Successors in interest are associated with the situation where "there is no probate." *See Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1524 (1995); 6 Moore's Federal Practice — Civil § 25.12[3] (2022) (Rule 25's use of the word "'successor' . . . indicat[es] that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator").

The definition of "beneficiary of the decedent's estate" depends on whether the decedent died leaving a will. *Id.* § 377.10.

An "other successor in interest who succeeds to a cause of action" is "the person to whom a particular cause of action that once belonged to the decedent passes under the laws governing the passage of a decedent's property." *Lickter v. Lickter*, 189 Cal. App. 4th 712, 733 (2010).

### 3.2   Trustees as Successors in Interest

Because there is currently no probate proceeding for Mr. Rovens's estate, Mr. White could qualify as a proper party for substitution only if he is a "successor in interest" by virtue of being the successor trustee of Mr. Rovens's living trust. The court sets out relevant law below, but again takes no final position before any briefing is submitted.

First, courts in this district have substituted trustees as successors in interest. *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483, 485 (N.D. Cal. 2004); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2021 WL 4037614, at *1 (N.D. Cal. June 2, 2021). So have California courts. *See, e.g.*, *In re Marriage of Drake*, 53 Cal. App. 4th 1139, 1148, 1152–53 (1997) (trustees responsible for caring for the plaintiff-decedent's adult son were successors in interest where the action sought child support for that son).

Second, for the trustee of a defendant-decedent's trust to qualify as a successor in interest of the decedent, there must be a statute that provides for assertion of a cause of action against the trustee as a successor. Cal. Civ. Proc. Code § 377.41; *id.*, Law Revision Commission's comments (1992 addition) (stating that where the decedent was the defendant, the action "may be continued against the decedent's successor in interest only if a statute provides for liability in such cases,"

and providing as an example a statute regarding "trust assets"). There appear to be multiple such statutes. For example, there are various ways for creditors to assert claims against trust assets. *See Arluk Med. Ctr. Indus. Grp., Inc. v. Dobler*, 116 Cal. App. 4th 1324, 1333–35 (2004) (summarizing the statutory scheme). "Creditors" are "person[s] who may have a claim against the trust property," Cal. Prob. Code § 19000(c), and "claims" are "demand[s] for payment for . . . [l]iability of the deceased settlor," "whether due, not due, accrued or not accrued, or contingent," *id.* § 19000(a)(1). And when a claim is asserted against a trust, "the trustee is the real party in interest with standing to . . . defend on the trust's behalf." *Est. of Bowles*, 169 Cal. App. 4th 684, 691 (2008).

The relevant statutory scheme here is as follows. If no probate proceeding has been opened and the trustee files and publishes certain notices to potential creditors, creditors may file claims with the trust within a limited time period. *See* Cal. Prob. Code §§ 19003–07. And if the trustee does not follow that process and there is no probate proceeding, "the liability of the trust to any creditor of the deceased settlor shall be as otherwise provided by law." *Id.* § 19008. In that regard, "after the death of the settlor all money judgments against the deceased settlor on a claim against the deceased settlor or against the trustee on a claim against the decedent . . . are payable in the course of [trust] administration." *Id.* § 19300.

Importantly, the statutory scheme also makes clear that, for a creditor to have a claim against a trust, the trust must have been revocable during the lifetime of the settlor. *See, e.g.*, *Laycock v. Hammer*, 141 Cal. App. 4th 25, 30 (2006) ("[I]n order to reach assets held by the trust [a judgment creditor] must show that . . . the trust was revocable."); *Arluk*, 116 Cal. App. 4th at 1335.

Third, the trustee must inherit claims by and against the decedent to qualify as a successor in interest. *See Lickter*, 189 Cal. App. 4th at 733; *In re Marriage of Drake*, 53 Cal. App. 4th at 1148, 1152–53; *Matsumori v. Wells Fargo Bank, N.A.*, No. CV211993MWFPVCX, 2021 WL 4734870, at *3 (C.D. Cal. Aug. 12, 2021). Under the statutory scheme described above, trustees inherit claims, at least where the decedent was the defendant and no probate proceeding has been opened. Furthermore, trustees have "the power to prosecute or defend actions, claims, or proceedings for the protection of trust property." Cal. Prob. Code § 16249. And according to the California Law

Revision Commission's comments to the statute that authorizes survival actions by "successor[s] in interest" (defined in the same way as when the decedent was the defendant in a pending action), "[t]he distributee . . . in probate is the successor in interest or, if there is no distribution, the heir, devisee, *trustee, or other successor* has the right to proceed." Cal. Civ. Proc. Code § 377.30, Law Revision Commission's comments (1992 addition) (emphasis added).

Fourth, it may not make sense for the person in charge of a probate estate but not the person in charge of a trust estate to qualify as a proper party for substitution. Under California law, a living trust is "simply a probate avoidance device." *Zanelli v. McGrath*, 166 Cal. App. 4th 615, 633 (2008); *cf. Dobler v. Arluk Med. Ctr. Indus. Grp., Inc.*, 89 Cal. App. 4th 530, 537 (2001) (the Probate Code's "provisions for payment of claims, debts and expenses from the assets of a revocable trust of a deceased settlor . . . nearly parallel the claims procedure for probate estates"). To hold that successor trustees are not proper parties for substitution, even though living trusts are an alternative to probate and successor trustees inherit the decedent's causes of action just like probate administrators, may "defeat the purpose of Rule 25(a): to preserve parties' rights and causes of action when a party dies." *Gilmore v. Lockard*, 936 F.3d 857, 866 (9th Cir. 2019).

### 4. How the Plaintiff May Obtain More Information

The plaintiff asserts that it is faced with a "vacuum of information" and therefore Mr. Rovens's former counsel must identify a proper party for substitution.[8] Mr. Rovens's former counsel are not required to identify a proper party, but the plaintiff will be allowed specified discovery to investigate whether any of the following persons are proper parties for substitution: (1) Mr. White; (2) the executor of the will left by Mr. Rovens; and (3) Mr. Rovens's surviving spouse.

Regarding whether Mr. Rovens's former counsel must identify a proper party for substitution, it is true that the Ninth Circuit has "required . . . identification of [the defendant-decedent]'s successor or personal representative by [the defendants], given that they were much better suited

---

[8] Case Mgmt. Statement – ECF No. 44 at 2; Joint Case Mgmt. Statement – ECF No. 46 at 2.

than [the plaintiff] to identify the proper parties." *Gilmore*, 936 F.3d at 867; *Saddozai v. Arqueza*, No. 20-16660, 2022 WL 501119, at *1 (9th Cir. Feb. 18, 2022). But those were pro se prisoner cases where there were multiple defendants and the decedent was an employee of an employer-defendant. Here, there was only one defendant, and his counsel now lack agency. *See Sullivan v. Dunne*, 198 Cal. 183, 192 (1926) (it is "well recognized by the authorities that the law of principal and agent is generally applicable to the relation of attorney and client, and that the . . . incapacity of the client will therefore operate as a termination of the authority of the attorney"). So the court cannot require Mr. Rovens's former counsel to identify the proper party for substitution.

The plaintiff will instead be allowed discovery for that purpose. *Anderson v. Thomas*, No. CIV S-07-2566GEBEFBP, 2010 WL 530170, at *1 (E.D. Cal. Feb. 9, 2010) (allowing discovery for the plaintiff to identify the decedent's representative or successor under Rule 25). First, the plaintiff may obtain Mr. Rovens's trust instrument, because Mr. White is only Mr. Rovens's successor in interest if the trust was revocable during Mr. Rovens's lifetime (as explained above), and whether the trust was revocable depends on "the express terms of the trust instrument." *Laycock*, 141 Cal. App. 4th at 30. Second, the plaintiff may obtain Mr. Rovens's will, because any will executor would be a proper party for substitution. Cal. Prob. Code § 58(a). Third, the plaintiff may wish to investigate whether Mr. Rovens's widow is a proper party.[9] Cal. Civ. Proc. Code § 377.10.

Because Mr. White is not a party to the action, the proper discovery device here is a subpoena under Federal Rule of Civil Procedure 45. The plaintiff may obtain the information required to serve Mr. White from Mr. Rovens's former counsel, who were representing Mr. White as Mr. Rovens's guardian ad litem.[10] As to the will, though, it has been deposited in the San Francisco

---

[9] Mot. to Appoint Guardian ad Litem – ECF No. 35 at 2.

[10] *Id.*; Order – ECF No. 36.

County Superior Court in Case No. PDW22061440.[11] The plaintiff may obtain it from that court. Cal. Prob. Code § 8200(c).

### 5. Whether the Plaintiff Must First Open a Probate Proceeding

Mr. Rovens's former counsel argue that the plaintiff must have a representative appointed by a probate court of competent jurisdiction before moving to substitute.[12] That is not the case here.

For one thing, successors in interest are associated with the situation where "there is no probate." *See Parsons*, 31 Cal. App. 4th at 1524; 6 Moore's Federal Practice — Civil § 25.12[3] (2022) (Rule 25's use of the word "'successor' . . . indicat[es] that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator").

Also, it is only when the *decedent's administrator* has initiated probate proceedings that the party moving to substitute must first comply with the claims-presentation requirements of the Probate Code. *Arluk*, 116 Cal. App. 4th at 1334 ("Where . . . an administrator of the decedent's estate has instituted probate proceedings, . . . the notice of probate proceedings constitutes sufficient notice to all claimants that they must file a timely claim in the probate proceedings or be barred from later asserting the claim against either the estate or the trust."). It would be improper to "place on [the] plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law." *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969).

That said, Mr. Rovens's will has been deposited with "the clerk of the superior court of the county in which the estate of the decedent may be administered." Cal. Prob. Code § 8200(a)(1). If a probate proceeding is opened by Mr. Rovens's representative, California substantive law

---

[11] Available at https://webapps.sftc.org/ci/CaseInfo.dll?CaseNum=PDW22061440&SessionID=D131812E758DC13C38DAD251E03ECA1C6C058557.

[12] Joint Case Mgmt. Statement – ECF No. 46 at 1–2.

ORDER – No. 21-cv-06151-LB                                        9

requires the plaintiff to comply with the claims-presentation requirements of the Probate Code before moving to substitute. Any opening of a probate proceeding may also mean that Mr. White would only be a proper party for substitution if Mr. Rovens's "probate estate is inadequate to satisfy" the plaintiff's claims. Cal. Prob. Code § 19001(a).

## CONCLUSION

The plaintiff may obtain the discovery described above and may move to substitute a new party for Mr. Rovens at any time. Any motion to substitute must attach the relevant documents obtained by the plaintiff, *i.e.*, the trust instrument and/or the will.

**IT IS SO ORDERED.**

Dated: July 1, 2022

_____
LAUREL BEELER
United States Magistrate Judge